Nathaniel S.G. Braun, SBN 269087
   *nbraun@sinclairbraun.com*
Samantha J. Aceves, SBN 339969
   *saceves@sinclairbraun.com*
SINCLAIR BRAUN KARGHER LLP
15260 Ventura Blvd., Suite 715
Sherman Oaks, California 91403
Telephone: (213) 429-6100
Facsimile: (213) 429-6101

Attorneys for Plaintiff
UNITED FINANCIAL CASUALTY COMPANY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>        vs.<br><br>CALIFORNIA ON-SITE PROTECTION SERVICES, INC. DBA MESSINA OPERATIVE PROTECTIVE SERVICES; KYLE DURHAM, RICHARD BRUN, and MAY LYNNE GRAVES.<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |



## STATEMENT OF THE CASE

1. This is an insurance coverage action regarding two underlying lawsuits pending before the Superior Court of California, one styled *Richard Brun v. CALIFORNIA ON-SITE PROTECTION SERVICES dba MESSINA OPERATIVE PROTECTION SERVICES*, *et al.*, Orange County Sup. Ct. Case No. 30-2023-01329275-CU-PO-CJC (the "Brun Action"), and the other styled *May Lynne Graves v. CALIFORNIA ON-SITE PROTECTION SERVICES dba MESSINA OPERATIVE PROTECTION SERVICES*, *et al.*, Orange County Sup. Ct. Case No. 30-2023- 01329872-CU-PO-CJC (the "Graves Action" and collectively with the Brun Action, the "Underlying Actions").

2. The Underlying Actions arise out of an incident where underlying plaintiff Richard Brun ("Brun") alleges he was shot by defendant Kyle Durham ("Durham") while Durham was allegedly working for defendant California On-Site Protection Services dba Messina Operative Protection Services ("On-Site"). May Lynn Graves ("Graves") was Brun's passenger. The Brun complaint is attached as Exhibit 1. The Graves complaint is attached as Exhibit 2.

3. Plaintiff United Financial Casualty Company ("United") issued a commercial auto liability policy to On-Site. The policy insured On-Site and permissive users of covered autos for bodily injury or property damage arising from the ownership, maintenance, or use of such covered autos.

4. In the Underlying Actions, Brun and Graves allege that Durham was using a covered auto and working for On-Site when Durham used his vehicle to block Brun's vehicle, and that Durham then pulled out a firearm, pointed it at Brun, and fired. Brun alleges he was struck and injured by the projectile.

5. United is defending Durham and On-Site in the Underlying Actions under a reservation of rights, including the right to seek declaratory relief regarding its coverage obligations.

6. United brings this suit against Durham, On-Site, Brun and Graves to

seek a judicial declaration of their respective rights and obligations under the United policy.

## **JURISDICTION AND VENUE**

7.  <u>Jurisdiction.</u> This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Additionally, this Court has jurisdiction for providing declaratory relief under 28 U.S.C. § 2201.

8.  <u>Venue.</u> Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because the commercial auto policy at issue was delivered in this District and the Underlying Action is venued in this District.

9.  An actual controversy exists regarding the rights, duties, and obligations of the parties regarding liability coverage for defendants On-Site and Durham regarding the Underlying Action, under the commercial auto policy issued by United to On-Site.

## **THE PARTIES**

10. Plaintiff United is an Ohio corporation, with its principal place of business in Ohio.

11. United is informed and believes, and based thereon alleges that defendant On-Site is a California corporation, with its principal place of business in California.

12. United is informed and believes, and based thereon alleges that defendant Durham is a natural person and resident of West Covina, California.

13. United is informed and believes, and based thereon alleges that defendant Brun is a natural person and resident of Orange County, California.

14. United is informed and believes, and based thereon alleges that defendant Graves is a natural person and resident of Orange County, California.



3
**COMPLAINT FOR DECLARATORY RELIEF**

# GENERAL ALLEGATIONS

15. The allegations in the underlying complaints speak for themselves. Defendant Brun, one underlying plaintiff, seeks damages from Durham and On-Site for bodily injury that, he alleges, he suffered when Durham shot him. Defendant

16. Brun pleads causes of action against both Drew and On-Site for negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, assault, and battery. Brun also pleads a cause of action for negligent hiring, against On-Site.

17. The damages Brun seeks are for bodily injury in connection with the shooting, as well as damages for the other torts that did not result in bodily injury (e.g., false imprisonment and assault).

18. Graves, the other underlying plaintiff, alleges she suffered damages for assault (that she believed she was in imminent danger), for infliction of emotional distress, and for false imprisonment. Graves does not claim that she suffered bodily injury. Graves' complaint copies Brun's, except that it does not allege battery or bodily injury.

# THE UNITED POLICY

19. United issued a policy of insurance to On-Site, Policy No. 00272455-0, effective January 12, 2023 to July 12, 2023 (the "Policy"). Pertinent portions of the Policy's coverage form are attached hereto as Exhibit 3.

20. The Policy provides the following insuring grants:

- Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** [United] will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.** However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury or property damage** to which

this insurance applies.

- **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I.

21. Bolded terms are defined in the policy. The relevant definitions are below:

- **"Accident"** means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage.**

- **"Bodily injury"** means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

- **"Property damage"** means physical damage to, destruction of, or loss of use of, tangible property.

22. The policy lists several exclusions from coverage. Relevant exclusions are copied below:

- **Expected or Intended Injury**
  **Bodily injury or property damage** either expected by or caused intentionally by or at the direction of any **insured.**

- **Racing**
  **Bodily injury or property damage** arising out of **you** or an **insured** participating in, or preparing for, a prearranged or organized racing, speed or demolition contest, stunting activity, or performance contest.

- **Criminal Acts**
  **Bodily injury or property damage** caused by, or reasonably expected to result from, a criminal act or omission of an **insured person.** This exclusion applies if the **insured person** is convicted of a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.



## FIRST CAUSE OF ACTION

## FOR DECLARATORY RELIEF RE: DEFENSE AND INDEMNITY OF *BRUN* ACTION, AGAINST DURHAM, ON-SITE, AND BRUN

23. United re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

24. An actual controversy has arisen and now exists between United, on the one hand, and On-Site, Durham, and Brun, on the other hand, concerning the availability of coverage under the United Policy in connection with the Brun Action or the conduct alleged therein.

25. The plain language of the United Policy precludes coverage for the accident and Brun Action, for several reasons:

- The Policy only applies to bodily injury and property damage caused by an "accident" and arising from the ownership, maintenance or use of an insured auto. There is no bodily injury alleged from the ownership, maintenance or use of an insured auto, the only bodily injury alleged are the injuries Brun allegedly suffered when Durham shot Brun. There is no property damage alleged.
- Brun alleges that Durham pulled up in a vehicle and shot Brun with a firearm. Shooting is not an "accident."
- The Policy also excludes coverage for an expected or intended injury. When Durham shot a firearm at Brun, the injury—being struck by a projectile—was necessarily expected or intended by Durham.
- The Policy also excludes coverage for a criminal act. Shooting a firearm at a person, or in a public place, is a criminal act in California.

26. For these reasons, United has no duty to defend Durham or On-Site in

**COMPLAINT FOR DECLARATORY RELIEF**

the Brun Action, nor indemnify them for any judgment obtained by Brun in connection with the Brun Action.

27. United is informed and believes, and based thereon alleges that defendants dispute this contention.

28. Thus there is an actual, justiciable controversy that merits declaratory relief, and for which United seeks a declaration from this Court.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY RELIEF RE: DEFENSE AND INDEMNITY OF GRAVES ACTION, AGAINST DURHAM, ON-SITE, AND GRAVES

29. United re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

30. An actual controversy has arisen and now exists between United, on the one hand, and On-Site, Durham, and Graves, on the other hand, concerning the availability of coverage under the United Policy in connection with the Graves Action or the conduct alleged therein.

31. The plain language of the United Policy precludes coverage for the accident and Graves Action, for several reasons:

- The Policy only applies to bodily injury and property damage caused by an "accident" and arising from the ownership, maintenance or use of an insured auto. Graves alleges no bodily injury and no property damage.
- Brun alleges that Durham pulled up in a vehicle and shot Brun with a firearm. Shooting is not an "accident."
- The Policy also excludes coverage for an expected or intended injury.
- The Policy also excludes coverage for a criminal act. Shooting a firearm at a person, or in a public place, is a criminal act in California.



7
**COMPLAINT FOR DECLARATORY RELIEF**

32. For these reasons, United has no duty to defend Durham or On-Site in the Graves Action, nor indemnify them for any judgment obtained by Graves in connection with the Graves Action.

33. United is informed and believes, and based thereon alleges that defendants dispute this contention.

34. Thus there is an actual, justiciable controversy that merits declaratory relief, and for which United seeks a declaration from this Court.

## **PRAYER**

Wherefore, United prays for relief as follows:

1. On its First Cause of Action for Declaratory Relief re: Defense and Indemnity of Brun Action, for a judicial declaration that United does not owe any duty to defend Durham or On-Site in the Brun Action, nor indemnify Durham or On-Site for any judgment obtained by Brun in connection with the Brun Action;

2. On its Second Cause of Action for Declaratory Relief re: Defense and Indemnity of Graves Action, for a judicial declaration that United does not owe any duty to defend Durham or On-Site in the Graves Action, nor indemnify Durham or On-Site for any judgment obtained by Graves in connection with the Graves Action;

3. For pre- and post-judgment interest;

4. For costs of suit herein; and

5. For such other relief as the Court deems just and proper.

Dated: September 28, 2023                SINCLAIR BRAUN KARGHER LLP

By: _/s/-Nathaniel S.G. Braun_
NATHANIEL S.G. BRAUN
Attorneys for Plaintiff
UNITED FINANCIAL CASUALTY COMPANY

